IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN,
MILWAUKEE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | COMPLAINT |
| MILWAUKEE FORGE, ) ) | |
| Defendant. ) ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race and the basis of retaliation, and to provide appropriate relief to Eugene Dixon and a class of Black employees who were adversely affected by such practices.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and 706(f)(3) of Title VII, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and 2000e-5(f)(3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the Eastern District of Wisconsin.

## PARTIES AND OTHER PERSONS

3. Plaintiff Equal Employment Opportunity Commission ("Plaintiff" or "Commission") is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Milwaukee Forge, a Wisconsin corporation, has continuously been doing business in the State of Wisconsin and the City of Milwaukee, and has continuously had and does now have at least fifteen (15) employees.

5. At all relevant times, Milwaukee Forge has continuously been and is now an employer engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty (30) days prior to the institution of this lawsuit, Eugene Dixon ("Dixon") filed a charge of discrimination with the Commission alleging violations of Title VII by Milwaukee Forge ("Milwaukee Forge" or "Defendant"). All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 1, 2007, Defendant has committed unlawful employment practices against Dixon and other African-American employees because of their race, Black, at its Milwaukee, Wisconsin facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). These practices include, but are not limited to:

    (a) subjecting Dixon and other African-American employees to a hostile work environment because of their race, including, but not limited to, the use of racial epithets;

(b) disciplining Dixon and other African-American employees more harshly than their White counterparts because of their race, including, but not limited to, disciplining Dixon more harshly on or about September 6, 2007 by terminating him for allegedly engaging in a fight that resulted in a one-day suspension for a White employee who allegedly engaged in the same fight; and

(c) subjecting Dixon and other African-American employees to different terms and conditions of employment because of their race, including, but not limited to, providing African-American employees with less time off.

8. Since at least September 2007, Defendant has committed unlawful employment practices against Dixon and Jessie Kucznyski ("Kucznyski") by retaliating against them for opposing or complaining about discriminatory practices at its Milwaukee, Wisconsin facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). These practices include, but are not limited to:

(a) terminating Dixon on or around September 6, 2007 after he complained to management on or around September 5 and September 6, 2007 that a White employee had called him a "n—gger;" and

(b) disciplining Kuczynski on or around September 11, 2007, with a three-day suspension in addition to a one-day suspension after he complained on or around September 11, 2007 to management that he heard a racial epithet.

9. The effect of the practices complained of above has been to deprive Dixon, Kuczynski, and a class of African-American employees of equal employment opportunities and otherwise adversely affect their status as employees because of their race.

10. The unlawful employment practices complained of above in Paragraphs 7 and 8 were intentional.

11. The unlawful employment practices complained of above in Paragraphs 7 and 8 were done with malice and/or reckless indifference to the federally protected rights of Dixon, Kuczynski, and a class of Black employees.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully prays that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that violates Title VII, including discrimination on the basis of race and/or retaliation;

B. Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant to make whole Dixon and a class of Black employees by providing appropriate back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices including, but not limited to, the rightful place reinstatement of Dixon;

D. Order Defendant to make whole Dixon and class of Black employees by providing compensation for past and future pecuniary losses;

E. Order Defendant to make Dixon and class of Black employees whole by providing compensation for past and future non-pecuniary losses, including but not limited to, emotional pain, suffering, loss of enjoyment of life, and humiliation;

F. Order Defendant to pay Dixon and a class of Black employees punitive damages for its intentional, malicious and/or reckless conduct, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper; and

H. Grant the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all issues of fact raised by its Complaint.

Respectfully submitted,

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, NE
Washington, D.C. 20507

John C. Hendrickson
Regional Attorney

/s/ Jean P. Kamp
Jean P. Kamp
Associate Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
Jean.Kamp@EEOC.gov
Phone (312) 353-7719