# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

        Plaintiff,

v.                                            Case No. 09-CV-943

MILWAUKEE FORGE,

        Defendant.

## CONSENT DECREE

### INTRODUCTION

This action was initiated on September 30, 2009 under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII"), and Section 1981 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("Section 1981"), by Plaintiff Equal Employment Opportunity Commission ("EEOC"), the United States Government agency charged with enforcement of Title VII and Section 1981, against Defendant Milwaukee Forge, alleging that Milwaukee Forge had engaged in unlawful employment practices on the basis of race and retaliation, and seeking relief for Charging Party Eugene Dixon and a class of African-American employees who were adversely affected by such practices.

In its answer, Milwaukee Forge denied the allegations. In entering into this Consent Decree, neither party admits the claims or defenses of the other.

On February 19, 2010, an Order Appointing Receiver, Enjoining Creditors from Proceedings Against the Assignor and Granting other Relief was entered in the

Milwaukee County Circuit Court, Case No. 10CV002463. Michael S. Polsky was appointed Receiver of Milwaukee Forge and was vested with all of the powers of the Receiver pursuant to Chapter 128 of the Wisconsin Statutes.

EEOC and Milwaukee Forge have agreed to resolve this matter pursuant to this Consent Decree, without continuing to trial on the merits of EEOC's claims. This Consent Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by EEOC in this action. The parties have reached mutually agreeable terms for the resolution of this matter, have obtained approval of the Milwaukee County Circuit Court for application of Receivership assets as described herein, and have now submitted this Consent Decree for the Court's review with the request that it be entered by the Court.

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (I) this Court has jurisdiction of the subject matter of this action and of the parties; (ii) the requirements of Title VII and Section 1981 will be carried out by the implementation of this Consent Decree; (iii) this Consent Decree is intended to and does fully settle and resolve all claims of EEOC, Eugene Dixon and certain additional identified and as yet unidentified individuals EEOC has determined as the appropriate group of claimants pursuant to Title VII and Section 1981 that are based on the allegations in EEOC's complaint in this matter; and (iv) the terms of this Consent Decree constitute a fair and equitable settlement of the claims identified in (iii) supra.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

## I. INJUNCTIVE RELIEF

Milwaukee Forge is enjoined from discriminating against employees upon the basis of race or retaliating against persons for opposing any practice at its Milwaukee, Wisconsin facility made unlawful under Title VII, filing a charge of discrimination, or asserting any rights under the Consent Decree.

## II. MONETARY RELIEF

A. Milwaukee Forge shall pay a total gross amount not to exceed $65,000 ("Settlement Proceeds").

B. EEOC shall determine and identify all appropriate individuals who are entitled to share in the Settlement Proceeds as provided for herein, with the understanding that Milwaukee Forge has relied on such actions by EEOC in entering into this Consent Decree. As of the date of this Court's approval of this Consent Decree, EEOC has determined that Eugene Dixon shall receive $30,000.00 of the Settlement Proceeds. Further, Howard Davis shall receive $10,000.00 of the Settlement Proceeds. The remaining amount of the Settlement Proceeds ($25,000.00), shall be held by the Receiver until EEOC identifies to the Receiver the additional individuals to share in the Settlement Proceeds as further described in paragraph C, below, and the designated monetary payment to be made to each one. EEOC shall identify the individuals as required so that the Receiver is permitted to

make such final payments by the one-year anniversary date of this Court's entry of this Consent Decree.

C. All payments made herein by Milwaukee Forge to specific individuals are contingent upon Milwaukee Forge's receipt of a signed waiver and release from the individual attached as **Exhibit A**. EEOC shall provide Milwaukee Forge, through its undersigned attorney, with a copy of each signed waiver and release. Within ten (10) business days of receipt of an individual's signed waiver and release, Milwaukee Forge shall send by certified mail to said individual, a check in the amount designated, and shall mail a copy of the check to EEOC. EEOC will provide Milwaukee Forge with current addresses for each individual.

D. All payments to individuals out of the Settlement Proceeds shall be subject to normal withholdings and deductions. Milwaukee Forge agrees to pay Mr. Dixon $15,000.00 in back pay less appropriate deductions, and Milwaukee Forge shall pay its own share of all applicable withholdings, which shall not reduce the award. Milwaukee Forge also agrees to pay Mr. Dixon $15,000.00 in compensatory damages. Milwaukee Forge further agrees to pay all other individuals receiving Settlement Proceeds monetary payment in the form of compensatory damages.

## III. TRAINING

During the Term of this Consent Decree, Milwaukee Forge shall provide annual training, with the trainer and outline of training materials approved in advance by EEOC, related to the prohibition against race discrimination and retaliation for

-4-

Case 2:09-cv-00943-JPS   Filed 05/05/10   Page 4 of 13   Document 14

covered personnel. Covered personnel shall include Milwaukee Forge's current management, supervisory and hourly employees. Such training shall include, at a minimum, the following topics: Title VII and Section 1981 generally, the prohibition against harassment and discrimination on the basis of race, the prohibition against retaliation, and the avenues available for bringing forth complaints of harassment, discrimination, and retaliation. Such training shall last no less than one (1) hour annually and be mandatory for covered personnel. The first training shall take place within one hundred and twenty (120) days of the effective date of this Consent Decree.

## IV.     DISSEMINATION OF POLICY STATEMENT

Milwaukee Forge agrees to issue and disseminate to all of its employees, within ten (10) business days of the effective date of this Consent Decree, a policy in regard to Title VII and retaliation, including a clear and effective statement regarding its prohibition of race discrimination, including harassment, and retaliation. Once each year for the Term of this Consent Decree, Milwaukee Forge shall re-issue the policy statement to all its employees.

## V.      POSTING

Within ten (10) business days of the effective date of this Consent Decree and Order, Milwaukee Forge shall place a notice, **Exhibit B**, in a conspicuous place, at its Milwaukee, Wisconsin facility. The posting shall remain posted during the term of this Consent Decree.

## VI. CERTIFICATION

Within thirty (30) calendar days of Milwaukee Forge's completion of the first training identified in section III, Milwaukee Forge shall certify by letter to Laura R. Feldman, Trial Attorney, EEOC, 500 W. Madison, Suite 2000, Chicago, IL 60661, that training was conducted and Milwaukee Forge disseminated the policy statement (Article IV) and posted the notice (**Exhibit B**). Annual recertification shall be submitted by Milwaukee Forge within thirty (30) calendar days of any annual compliance obligations identified in section III, IV and V by certified letter to Laura R. Feldman, Trial Attorney, EEOC.

## VII. RECORD KEEPING

A. During the Term of this Consent Decree, Milwaukee Forge shall maintain and make available for inspection and copying by EEOC records (name, social security number, address, telephone number, details of complaints of race discrimination or unlawful retaliation, and details of all actions taken in response to the complaint of race discrimination or unlawful retaliation) of each person who submits a written or oral complaint to Milwaukee Forge of race discrimination or unlawful retaliation occurring at Milwaukee Forge.

B. During the Term of this Consent Decree, Milwaukee Forge shall make all documents or records referred to in paragraph A, above, available for inspection and copying within ten (10) business days after EEOC so requests. In addition, Milwaukee Forge shall allow the EEOC to identify and speak with any person within

-6-

Case 2:09-cv-00943-JPS   Filed 05/05/10   Page 6 of 13   Document 14

its employ for purposes of verifying compliance with this Consent Decree and shall permit a representative of EEOC to enter its premises for such purposes on five (5) business days' advance notice by EEOC.

    C.    Nothing in this Consent Decree shall be construed to limit any obligation Milwaukee Forge may otherwise have to maintain records under Title VII or any other law or regulation.

## VIII. REPORTING

Milwaukee Forge shall furnish to EEOC written reports semi-annually during the Term of this Consent Decree. The first report shall be due six (6) months after the effective date of this Consent Decree. The final report shall be due twenty-three (23) months after the effective date of this Consent Decree. Each such report shall contain a summary of the information required to be maintained pursuant to section VII, above.

## IX. EFFECTIVE DATE, DURATION OF DECREE AND RETENTION OF JURISDICTION

    A.    **Effective Date**. This Consent Decree shall become effective upon this Court's approval and entry of this Consent Decree

    B.    **Duration**. All provisions of this Consent Decree shall be in effect (and the Court shall retain jurisdiction of this matter to enforce this Consent Decree) for a period of two (2) years immediately following effective date of the Consent Decree (the "Term"). The Receiver for Milwaukee Forge referred to above in the Introduction, counsel for the Receiver and counsel for Milwaukee Forge have each

respectively advised EEOC that the Receiver is, with the knowledge and permission of the Milwaukee County Court in Case No. 10CV002463, has sold or will imminently sell all or virtually all of the assets of Milwaukee Forge in order to raise money to pay the obligations of Milwaukee Forge.  Contemporaneously with the actual closing of any such sale and the effective transfer of ownership and control of Milwaukee Forge to a new owner such that ninety percent (90%) of the new ownership interests in Milwaukee Forge are vested in persons or organizations which had no prior ownership interests in Milwaukee Forge before the sale ("New Owner"), sections III through VIII of this Consent Decree shall be automatically terminated without further act or deed by any party or court, but any remaining amounts to be paid pursuant to section II above will be paid out of the Receivership estate in good funds all pursuant to the terms of section II.  In the event of such a sale to such a New Owner, the Receiver and New Owner shall each sign a declaration certifying that ninety percent (90%) of the new ownership interests in Milwaukee Forge are vested in persons or organizations which had no prior ownership interests in Milwaukee Forge before the sale.  Upon receipt of such certification, EEOC will not seek to enforce any terms of this Consent Decree against New Owner.

## X.     DISPUTE RESOLUTION

In the event that either party to this Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance and shall

afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

**XI.   COSTS AND ATTORNEYS FEES**

Each party shall bear that party's own expenses, costs and attorney's fees.

Dated at Milwaukee, Wisconsin, this 5th day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

# EXHIBIT A

# RELEASE

In consideration for $ _____ paid to me by Milwaukee Forge, in connection with the resolution of *EEOC v. Milwaukee Forge*, Case No. 2:09-CV-00943-JPS (E.D. Wis.), I waive my right to recover for any claims of race harassment, race discrimination, and/or retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, that I had against Milwaukee Forge, its officers, agents, employees, successors, and assigns prior to the date of this Release and that were included in the claims alleged in EEOC's complaint in *EEOC v. Milwaukee Forge*, Case No. 2:09-CV-00943-JPS.

Date: _____    Signature:_____

# EXHIBIT B

# NOTICE TO ALL EMPLOYEES

To: All Employees
Date:
Regarding: Consent Decree

This Notice is being posted pursuant to a Consent Decree entered by the federal court in *EEOC v. Milwaukee Forge*, Case No. 2:09-CV-00943-JPS (E.D. Wis.).

In this suit, EEOC alleged that Milwaukee Forge discriminated against employees because of their race, African-American, including subjecting them to race harassment. EEOC further alleged that Milwaukee Forge retaliated against individuals for complaining of race discrimination by unlawfully disciplining them or terminating their employment. Milwaukee Forge denied the allegations.

To resolve the case, Milwaukee Forge and EEOC have entered into a Consent Decree. The Consent Decree provides, among other things, that Milwaukee Forge:

A. Provide a total monetary settlement of $65,000 to Eugene Dixon and additional African-American current or former employees of Milwaukee Forge;

B. Disseminate to all employees a policy against retaliation and race discrimination, including harassment, and train all of its employees on the policy;

C. Not tolerate or engage in discrimination against any employee on the basis of race;

D. Not tolerate or engage in retaliation against any person because s(he) opposed any practice made unlawful by Title VII of the Civil Rights Act of 1964, as amended, ("Title VII") filed a Title VII charge of discrimination, or asserted any rights under the Consent Decree; and

E. Report to EEOC any complaints of race discrimination, including race harassment, and retaliation.

As you should know, EEOC enforces the federal laws against employment discrimination on the basis of race, color, religion, national origin, sex, age, or disability. If you believe you have been discriminated against, you may call the EEOC at (414) 297-1110 or at (800) 669-4000. EEOC does not charge fees and has employees who speak languages other than English.

**THIS IS AN OFFICIAL NOTICE THAT HAS BEEN APPROVED BY THE FEDERAL COURT THE COMPANY, AND EEOC AND MUST NOT BE DEFACED BY ANYONE. This Notice must remain posted for 24 months from the date below and must not be altered, defaced, or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Milwaukee Forge Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, IL 60661.**